{¶ 22} Appellant's sole assignment of error contends that evidence of his driving while under the influence of alcohol should have been suppressed. He suggests that his "stop" by Patrolman Greco violated the Fourth Amendment because he relied upon a dispatch from another officer who reported "drinking and driving" by appellant when conveying information from an identified informant of "yelling, using foul language, and slurring their words," but not drinking and driving.
 {¶ 23} Appellant and the informant were both driving in a line of traffic exiting a parking lot, after watching a fireworks display. The informant observed appellant's behavior and reported it to a police officer directing traffic. That officer then described appellant's vehicle and behavior over his radio. Patrolman Greco received this message on his radio, together with the embellishment.
 {¶ 24} Both officers were directing traffic out of the parking lot. It was their responsibility to see that it was done in a safe and orderly manner. Patrolman Greco was fully within his authority and performing his assigned duty when he approached the identified vehicle, stopped near him in the line of traffic, to inquire about the reason for the use of loud and foul language.
 {¶ 25} This court has expressly held on numerous occasions that "the mere approach and questioning of persons seated within parked vehicles does not constitute a seizure." (Emphasis added.) State v.Barth (June 2, 2000), 11th Dist. No. 99-L-058, Ohio App. LEXIS 2351.See, also, State v. Welz (Dec. 9, 1994), 11th Dist. No. 93-L-137, 2000 Ohio App. LEXIS 2351, at *5; State v. Lott (Dec. 26, 1997), 11th Dist. No. 96-A-0011, 1997 Ohio App. LEXIS 5860, at 13.
 {¶ 26} Not every police-citizen encounter implicates the Fourth Amendment. Terry v. Ohio (1968), 392 U.S. 1, 19. Rather, it is when the encounter rises to the level of a seizure that the Fourth Amendment is triggered. Id.
 {¶ 27} Maintaining peace and order is essential to crowd control. Whether appellant had been drinking and driving was not essential to Patrolman Greco's inquiry; however, as a result of his inquiry, reasonable suspicion arose and developed into probable cause.
 {¶ 28} I concur in judgment only and write separately to emphasize that, under the totality of circumstances in this scenario, it is evident police officers, in the performance of their duties, do not always need reasonable suspicion to approach an individual.